Jacob Markowitz, J.
Petitioner seeks to review a determination of the State Rent Administrator in this proceeding brought pursuant to article 78 of the Civil Practice Act. The determination of respondent, of which review is sought, granted a certificate of eviction against petitioner in a proceeding brought over one year ago by one Paul Pappas, one of the owners of the premises in which petitioner resides. The certificate was granted, and, on protest therefrom, was upheld by respondent, upon the ground that Pappas sought, in good faith, to occupy the apartment for his own use, and that he showed a compelling need for such apartment.
Petitioner contends that the requisite good faith has not been proven, and that she was chosen as the tenant to be evicted because she had previously testified in another proceeding in a manner unfavorable to Pappas. Petitioner further alleges that *87 Pappas breached a stipulation, entered .into during a conference before the Local Bent Administrator, between petitioner, Pappas’ co-owner of the subject premises, and the attorney who represented both Pappas and his eo-o.wner. This alleged stipulation purportedly contained a promise made by the co-owner and the attorney that petitioner would be given first option to move into any vacant apartment in any building owned by either Pappas or his co-owner,
It is undisputed that Pappas was forced to move by virtue of the impending demolition "of the building in which he formerly resided and that a certificate of eviction was issued against him. If is similarly nncontested that he now resides in the basement of the premises herein concerned, with his wife and small children. Ordinarily this would establish a sufficient basis for upholding the granting of the certificate herein concerned, However, petitioner’s attack is not based upon his need, but upon his lack of good faith. She contends that first an apartment became vacant in the premises concerned, which was not offered to her, and then an apartment became vacant in the other building in which Pappas has no interest, but which his co-owner owns. If is clear that the apartment in the instant premises was first offered to a co-tenant of petitioner, against whom proceedings had been instituted by the co-owner. Thereafter the co-owner took possession of that apartment and still resides there.
Pappas contends that he never authorized or entered into such a stipulation, and that he is not bound by any event occurring in a building not owned by him and in which h@ has no interest,
There is a conflict of fact concerning the existence of the stipulation relied upon by petitioner, Respondent's return does not indicate its existence, and no writing or copy thereof is proffered by tenant. Petitioner’s verified protest, filed by her with respondent subsequent to the date of the alleged stipulation, contains no mention of if. The first indication of the existence of such a stipulation is contained in a letter to respondent from petitioner’s counsel subsequent to the filing of the protest,
Humerous defenses have been interposed by petitioner during the lengthy period this proceeding was pending. Upon the record before this court, it cannot be stated that respondent’s determination that landlord seeks the possession of petitioner’s apartment in good faith is without factual warrant and a reasonable basis in law. It is neither arbitrary nor capricious,
*88 Petitioner indicates a desire for further hearings and more detailed findings by respondent. The lack of a specific finding by respondent upon the existence of the alleged stipulation is not a sufficient basis for the remanding of this case (Hotel Assn. of N. Y. v. Weaver, 3 N Y 2d 206). The petition is dismissed.